[Nos. G037287, G037760. Fourth Dist., Div. Three. Dec. 3, 2007.]

ROBERT TRUJILLO et al., Plaintiffs and Appellants, v.
FIRST AMERICAN REGISTRY, INC., Defendant and Respondent.

[black redaction block]

## COUNSEL

Lakeshore Law Center, Jeffrey Wilens; Law Offices of Jeffery P. Spencer and Jeffrey Spencer for Plaintiffs and Appellants.

Reed Smith, Margaret M. Grignon and John P. Zaimes for Defendant and Respondent.

Pahl & Gosselin, Stephen D. Pahl and Karen Kubala McCay for The California Apartment Association as Amicus Curiae on behalf of Defendant and Respondent.

Jacobson Russell Saltz & Fingerman and Michael J. Saltz for The National Association of Screening Agencies as Amicus Curiae on behalf of Defendant and Respondent.

Hudson Cook and Elizabeth A. Huber for Consumer Data Industry Association as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**IKOLA, J.**—Plaintiffs Robert Trujillo, William Gradie, and Ronald Friedman appeal from an order granting summary adjudication and a final judgment in favor of defendant First American Registry, Inc., on their causes of action pursuant to the Consumer Credit Reporting Agencies Act (CCRAA) (Civ. Code, § 1785.1 et seq.),[1] the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.), and the Investigative Consumer Reporting Agencies Act (ICRAA) (§ 1786 et seq.). Plaintiffs alleged defendant had prepared tenant screening reports that correctly showed unlawful detainer actions had been filed against plaintiffs, but which wrongly failed to note the actions had

---

[1] All further statutory references are to the Civil Code unless otherwise stated.

been dismissed or the resulting judgment had been satisfied.[2] Plaintiffs further alleged the incomplete reports had caused property managers to reject their rental applications.

We affirm summary adjudication on each of the three causes of action.

First, defendant was entitled to summary adjudication on the CCRAA cause of action because plaintiffs suffered no damage from the incomplete reports. Defendant's evidence showed the property managers did not rely upon the omitted unlawful detainer resolutions in rejecting the rental applications; they would have denied the applications even if the tenant screening reports had been complete. Plaintiffs offered no evidence to the contrary, and failed to raise a triable issue as to whether they had suffered resulting damage. Because the alleged violation caused no damage, plaintiffs' CCRAA cause of action fails as a matter of law.

Second, defendant was entitled to summary adjudication on the UCL cause of action for a similar reason. Plaintiffs failed to raise a triable issue as to whether they had suffered injury in fact or lost money or property as a result of the incomplete reports. The lack of injury dooms their UCL cause of action as a matter of law.

Finally, defendant was entitled to summary adjudication on the ICRAA causes of action. The ICRAA is unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information, like the ones here. Because defendant was entitled to summary adjudication on each of plaintiffs' causes of action, the court correctly entered judgment in defendant's favor.

## FACTS

*Plaintiffs' Rejected Rental Applications*

Trujillo wanted to rent a garage in Long Beach. The property manager gave him a written copy of the "Selection Criteria" for accepting applicants.

---

[2] Because the reports in this case were used to screen tenants, we use the term "tenant screening report" to refer generically to reports subject either to the CCRAA or the ICRAA. Our discussion is not limited to reports used to screen tenants, however, as reports subject to these statutes may be used for other purposes. (§§ 1785.3, subd. (c), 1786.12, subd. (d).)

The Selection Criteria directed the property manager to reject applicants who provided false information on their applications or whose tenant screening report showed the existence of any unlawful detainer actions. Trujillo submitted a written rental application to the property manager. The application asked, "Have you ever had an unlawful detainer filed against you?" Trujillo checked the box indicating "No."

The property manager obtained Trujillo's tenant screening report from defendant. The report showed an unlawful detainer action had been filed against Trujillo. The property manager rejected his application. Trujillo explained the unlawful detainer action had been dismissed. The property manager still refused to rent him the garage.

Gradie wanted to rent an apartment in Santa Fe Springs. The property manager gave him a written copy of the "Credit Screening Policies" for accepting applicants. The Credit Screening Policies directed the property manager to reject applicants who provided false information on their applications or whose tenant screening report showed the existence of any unlawful detainer actions. Gradie submitted a written rental application to the property manager. The application asked, "Have you ever had an unlawful detainer filed against you?" Gradie checked the box indicating "No." The application asked Gradie whether he had ever filed for bankruptcy. He checked the box indicating "Yes," explaining he filed for bankruptcy in April 2002.

The property manager obtained Gradie's tenant screening report from defendant. The report showed an unlawful detainer action had been filed against him. It further showed Gradie had filed for bankruptcy *three* times. The property manager rejected Gradie's application. Gradie showed the property manager an order dismissing the unlawful detainer action and a letter from his landlord stating the matter had been resolved. The property manager still refused to rent him an apartment.

Friedman submitted a written application to rent an apartment in Santa Ana. He also submitted a copy of an acknowledgement of satisfaction of judgment, showing he had satisfied the judgment entered in an unlawful detainer action filed against him by a former landlord. The property manager obtained Friedman's tenant screening report from defendant. The report confirmed the unlawful detainer action had been filed against him. The property manager rejected his application.

*The Litigation*

Plaintiffs filed a class action complaint, asserting defendant had violated various credit reporting laws. First, Trujillo and Gradie alleged defendant

violated the CCRAA, which requires credit reporting agencies to follow "reasonable procedures to assure maximum possible accuracy of the information" in the reports, by failing to note the unlawful detainer actions filed against them had been dismissed. (§ 1785.14, subd. (b).) Second, Gradie alleged the same conduct violated a similar provision of the ICRAA. (§ 1786.20, subd. (b).) Third, Gradie and Friedman alleged defendant violated the ICRAA by failing to provide a required notice to them. (§ 1786.29.) Fourth, Gradie and Friedman alleged defendant violated the ICRAA by failing to verify their tenant screening reports' accuracy within 30 days. (§ 1786.18, subd. (c).) Finally, all three plaintiffs alleged defendant's conduct violated the UCL.

Defendant moved for summary judgment and/or summary adjudication. It contended the CCRAA and UCL causes of action were meritless because the undisputed evidence showed Trujillo and Gradie suffered no damage from the incomplete tenant screening reports. It further contended the three ICRAA causes of action were meritless because plaintiffs suffered no damage, the tenant screening reports were not "investigative consumer reports" subject to the ICRAA, federal law preempts the ICRAA, and the ICRAA is unconstitutionally vague.

To show plaintiffs had suffered no damage from the incomplete reports, defendant submitted declarations from the property managers who had received plaintiffs' rental applications. The property managers asserted they would have rejected the applications even if the tenant screening reports had accurately indicated the unlawful detainer actions had been dismissed (in Trujillo's and Gradie's cases) or the resulting judgment had been satisfied (in Friedman's case). They followed policies against renting to persons involved in unlawful detainer actions, regardless of how the actions were resolved. The property managers who had rejected Trujillo's and Gradie's applications further stated they did so also because of the misrepresentations in their applications. The property manager who had rejected Friedman's application stated he did so also because of Friedman's low credit score and poor credit history. Plaintiffs offered no opposing evidence, instead contending the statutes did not require that they suffer any damage.

The court granted summary adjudication for defendant on each cause of action. It found plaintiffs had not suffered damage or injury from the alleged statutory violations. It did not reach defendant's contentions that the tenant screening reports were not subject to the ICRAA or that the ICRAA was unconstitutionally vague. The court denied summary judgment to give plaintiffs' counsel an opportunity to find a new class representative. Plaintiffs filed a notice of appeal from the order granting summary adjudication (case No. G037287). After plaintiffs failed to substitute a new class representative,

the court entered judgment in defendant's favor. Plaintiffs separately appealed from the judgment (case No. G037760). We consolidated the two appeals. The order granting summary adjudication is a nonappealable order. (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7 [134 Cal.Rptr.2d 138].) The appeal from that order is dismissed.

## DISCUSSION

To obtain summary judgment, defendant must show plaintiffs cannot establish an element of their causes of action, or show a complete defense thereto. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493].) It bears the burden to "make a prima facie showing of the nonexistence of any triable issue of material fact." (*Ibid.*) If defendant makes this showing, plaintiffs must show some triable issue of material fact does exist. (*Ibid.*) Plaintiffs "may not rely upon the mere allegations or denials of [their] pleadings," but must "set forth the specific facts showing that a triable issue of material fact exists." (Code Civ. Proc., § 437c, subd. (p)(2).) "The party opposing the summary judgment must make an independent showing by a proper declaration or by reference to a deposition or another discovery product that there is sufficient proof of the matters alleged to raise a triable question of fact if the moving party's evidence, standing alone, is sufficient to entitle the party to judgment. [Citations.] To avoid summary judgment, admissible evidence presented to the trial court, not merely claims or theories, must reveal a triable, material factual issue. [Citation.] Moreover, the opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation." (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 10–11 [130 Cal.Rptr.2d 263] (*Wiz Technology*).)

On appeal, "we must independently examine the record to determine whether triable issues of material fact exist." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767 [107 Cal.Rptr.2d 617, 23 P.3d 1143].)

*The CCRAA Cause of Action Fails Because Plaintiffs Suffered No Damage From the Incomplete Reports*

Only Trujillo and Gradie asserted a cause of action pursuant to the CCRAA. They alleged defendant violated the statute's requirement to follow reasonable procedures ensuring accurate credit reports (§ 1785.14, subd. (b)) because their tenant screening reports failed to reflect their unlawful detainer actions had been dismissed. The court found, "the undisputed evidence shows that [Trujillo and Gradie] sustained no injury or damage as a result of [defendant's] purported violation of the CCRAA." It apparently relied upon

defendant's evidence showing Trujillo's and Gradie's rental applications would have been denied even if their tenant screening reports were complete.

The controlling statutory language is found in section 1785.31, subdivision (a), which provides, "Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following [specified actual and punitive damages and other relief]." The court correctly found Trujillo and Gradie failed to show they "suffer[ed] damages as a result of a violation" of the CCRAA. (§ 1785.31, subd. (a).) They did not offer any evidence in opposition to defendant's summary adjudication motion. Trujillo and Gradie left unrebutted defendant's evidence showing the property managers would have rejected their applications even if the tenant screening reports showed the unlawful detainer actions had been dismissed. They failed to "make an independent showing" through "admissible evidence presented to the trial court" that the incomplete reports caused them any damage. (*Wiz Technology, supra,* 106 Cal.App.4th at pp. 10–11.)

█ Plaintiffs challenge defendant's evidence only by labeling it unbelievable and self-serving. They doubt the property managers even remember Trujillo and Gradie, let alone can attest why their applications were rejected. They suggest defendant's lawyers actually drafted the property managers' declarations. No matter. Summary adjudication "may not be denied on grounds of credibility." (Code Civ. Proc., § 437c, subd. (e).) "If the moving party's evidence is not controverted, the court must ordinarily accept it as true for purposes of the [summary adjudication] motion. In other words, the judge generally lacks discretion to deny the motion and send the case to trial simply to allow the opposing party to cross-examine the affiants or otherwise test their credibility." (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 220, p. 631.) The property managers' declarations may well be self-serving, "but where (as here) [they are] uncontradicted, case law establishes that such a showing can provide the basis for summary judgment." (*Golden West Baseball Co. v. Talley* (1991) 232 Cal.App.3d 1294, 1305 [284 Cal.Rptr. 53] (*Golden West*).)

Plaintiffs unpersuasively note the court has discretion to deny summary adjudication where a witness's own statement is the only evidence of his or her state of mind. (Code Civ. Proc., § 437c, subd. (e).) "[H]owever, the converse is also true, and a court has the discretion to grant a motion for summary [adjudication] under such circumstances as well." (*Golden West, supra,* 232 Cal.App.3d at p. 1306.) Plaintiffs show no abuse of discretion here. More importantly, the declarations were *not* the only evidence that the property managers would have rejected Trujillo's and Gradie's applications even if their tenant screening reports were complete. Defendant also offered

written policies directing the property managers to reject any applicant whose tenant screening report showed an unlawful detainer action, or whose application contained false information. Trujillo's tenant screening report reveals he falsely indicated no unlawful detainer action had been filed against him. Gradie's tenant screening report reveals he falsely indicated no unlawful detainer action had been filed against him, and that he had filed for bankruptcy only once (not three times). This evidence bolsters the property managers' declarations and supports summary adjudication.

■ Resorting to a novel theory, plaintiffs also contend they suffered damage because the incomplete tenant screening reports were "inherently harmful." But if the Legislature thought inaccurate reports were inherently harmful, it would not have required that CCRAA plaintiffs have "suffer[ed] damages as a result of a violation . . . ." (§ 1785.31, subd. (a).) Actual damage, not "inherent harm," is required to state a CCRAA cause of action. And plaintiffs offer no authority for their theory, other than an analogy to the libel per se doctrine. But even if it is libel per se "to say that a person refuses to pay his just debts" (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 638 [227 Cal.Rptr. 491]), no case holds it is libel per se to report truthfully that an unlawful detainer action was filed against a person, while failing to note the action was later dismissed.

Having failed to raise a triable issue as to whether Trujillo and Gradie suffered any damage from the incomplete tenant screening reports, plaintiffs contend no damage is required to state a CCRAA cause of action seeking injunctive relief or punitive damages. The CCRAA's plain language disproves these contentions.

■ Plaintiffs claim section 1785.31, subdivision (b), excuses the lack of damage because they seek injunctive relief. It provides, "Injunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of this title whether or not the consumer seeks any other remedy under this section." (*Ibid.*) This subdivision allows a plaintiff injured by a CCRAA violation to seek injunctive relief, it allows a plaintiff facing a threatened CCRAA violation to seek injunctive relief, and it clarifies an injured plaintiff may seek only injunctive relief. It does not, as plaintiffs urge, allow plaintiffs, uninjured by violations that have already occurred, to bring CCRAA causes of action seeking injunctive relief. Subdivision (b) does not supplant section 1785.3, subdivision (a)'s actual damage requirement in cases where an uninjured plaintiff happens to seek injunctive relief. ■ (See *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323] (*Dyna-Med*) [statutes must be internally harmonized].) Plaintiffs' reading opens the floodgates, allowing anyone to assert a CCRAA cause of action as long as he or she seeks an

injunction. (See *Kramer v. Intuit, Inc.* (2004) 121 Cal.App.4th 574, 579 [18 Cal.Rptr.3d 412] (*Kramer*) [statutes must be read "to avoid absurd results"].)

■ At any rate, section 1785.31, subdivision (b) expressly limits its scope to consumers who have been "aggrieved"—that is, consumers who have been actually injured. (See *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 1003 [24 Cal.Rptr.3d 474] [determining standing by equating being "personally aggrieved" with having suffered "actual injury"]; see also Black's Law Dict. (8th ed. 2004) p. 73, col. 1 [defining "aggrieved" as "having been harmed by an infringement of legal rights"].) Having failed to offer any evidence of damage from the alleged CCRAA violations, Trujillo and Gradie are not "aggrieved" consumers entitled to seek injunctive relief.

Plaintiffs also claim section 1785.31, subdivision (c), excuses their failure to prove actual damage because they seek punitive damages. It provides, "Notwithstanding any other provision of this section, any person who willfully violates any requirement imposed under this title may be liable for punitive damages in the case of a class action, in an amount that the court may allow." (*Ibid.*) To be sure, this subdivision supersedes section 1785.31, subdivision (a) to the extent it caps punitive damages in individual actions to an amount not less than $100 and not more than $5,000 per violation. (§ 1785.31, subd. (a)(2)(B).) But reading subdivision (c) as superseding the actual damage requirement would take all teeth out of subdivision (a), absurdly breathing life into any CCRAA complaint seeking punitive damages, even those filed by uninjured plaintiffs—i.e., by anyone. (See *Dyna-Med, supra,* 43 Cal.3d at pp. 1386–1387; see also *Kramer, supra,* 121 Cal.App.4th at p. 579.)

■ Moreover, actual damage is a general prerequisite to recovering punitive damages. (See § 3294, subd. (a) [punitive damages recoverable only "in addition to the actual damages" suffered].) "It is settled law in California that punitive damages cannot be awarded unless actual damages are suffered." (*Werschkull v. United California Bank* (1978) 85 Cal.App.3d 981, 1002 [149 Cal.Rptr. 829].) Even in the rare cases allowing a plaintiff to recover punitive damages in the absence of compensatory damages, the plaintiff still must have suffered some underlying actual damage. (*Carr v. Progressive Casualty Ins. Co.* (1984) 152 Cal.App.3d 881, 892 [199 Cal.Rptr. 835].) Trujillo and Gradie suffered no such actual damage here from the alleged violations.

■ In sum, plaintiffs failed to rebut defendant's prima facie showing Trujillo and Gradie suffered no damage from the alleged CCRAA violation. Because Trujillo and Gradie suffered no actual damage, plaintiffs' CCRAA

cause of action fails as a matter of law. This is true whether actual damage is considered an element of a CCRAA cause of action or a prerequisite to standing. In either event, the court correctly granted summary adjudication to defendant on the CCRAA cause of action.

*The UCL Claim Fails Because Plaintiffs Suffered No Damages*

All three plaintiffs asserted a cause of action pursuant to the UCL, alleging defendant's conduct violating the CCRAA and ICRAA was unlawful, fraudulent, or unfair. (Bus. & Prof. Code, § 17200.) In granting summary adjudication to defendant on the UCL cause of action, the court found that "[t]he undisputed evidence shows that [plaintiffs] sustained no injury or damage as a result of [defendant's] purported violation of the [UCL]."

Proposition 64 restricted standing to assert a UCL cause of action to plaintiffs " 'who [have] suffered injury in fact and [have] lost money or property as a result of such unfair competition.' " (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228 [46 Cal.Rptr.3d 57, 138 P.3d 207] (*Californians for Disability Rights*) [discussing Prop. 64's amendment to Bus. & Prof. Code, § 17204].) Trujillo and Gradie have not raised a triable issue as to whether they suffered injury in fact or lost money or property as a result of defendant's alleged conduct, as shown above.

Friedman also fails to raise a triable issue as to whether he suffered injury in fact or lost money or property as a result of the incomplete tenant screening report. Defendant's evidence showed the property manager rejected Friedman's application due to his poor credit history, low credit score, and involvement in the unlawful detainer action. The property manager would have rejected Friedman's application on these grounds even if the tenant screening report indicated Friedman had satisfied the unlawful detainer judgment—which the property manager already knew from the documents Friedman had submitted. This evidence makes a prima facie showing that Friedman suffered no harm from the incomplete report. Friedman offered no contradictory evidence at all, thus failing to raise a triable issue. (*Wiz Technology, supra*, 106 Cal.App.4th at pp. 10–11 [to survive summary adjudication, a plaintiff must "make an independent showing" through "admissible evidence presented to the trial court" that triable issue of material fact exists].)

Because no plaintiff raised a triable issue as to whether he had suffered injury in fact or lost money or property, the court correctly granted summary adjudication to defendant on the UCL cause of action. (See Bus. & Prof. Code, § 17204; see also *Californians for Disability Rights, supra*, 39 Cal.4th at p. 228.)

*The ICRAA Causes of Action Fail Because the Statute Is Unconstitutionally Vague as Applied to Tenant Screening Reports Containing Unlawful Detainer Information*

The court granted summary adjudication to defendant on the ICRAA causes of action because plaintiffs suffered no damage from the alleged ICRAA violations. Plaintiffs contend damage is not required to state an ICRAA cause of action, noting the statute provides, "An investigative consumer reporting agency . . . that fails to comply with any requirement under this title . . . is liable to the consumer" for actual damages or statutory damages of $10,000. (§ 1786.50, subd. (a).) Plaintiffs conclude an ICRAA violation automatically renders defendant liable to them for statutory damages, even if plaintiffs suffered no actual damage. Defendant counters by noting the ICRAA bars statutory damages in class actions. (§ 1786.50, subd. (a)(1) [allowing recovery of "[a]ny actual damages sustained by the consumer as a result of the failure or, *except in the case of class actions*, ten thousand dollars ($10,000), whichever sum is greater" (italics added)].) Plaintiffs respond by noting the court never certified a class.

■ We need not resolve these disputes because we can affirm on another ground: the ICRAA is unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information.[3] The statute governs reports containing "information on a consumer's character, general reputation, personal characteristics, or mode of living . . . obtained through any means." (§ 1786.2, subd. (c).) Plaintiffs asserts their tenant screening reports are subject to the ICRAA because they indicated unlawful detainer actions had been filed against them, and thus contained "character information."

As we explain in a companion case, the ICRAA is unconstitutionally vague because persons of reasonable intelligence cannot determine whether unlawful detainer information is character information subject to the ICRAA or creditworthiness information subject to the CCRAA. (*Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604 (*Ortiz*).) The Legislature intended to differentiate between character information and creditworthiness information, but ever since a 1998 ICRAA amendment, it is hopelessly uncertain on which side of the fence unlawful detainer information falls.[4] (*Id.* at pp. 615–619.) Accordingly, defendant is entitled to summary adjudication on the ICRAA claims.

---

[3] The parties briefed the ICRAA's constitutionality below, though the court did not reach this issue in granting summary adjudication. We requested supplemental briefs on the issue of whether the ICRAA is unconstitutionally vague as applied to reports containing unlawful detainer information, which the parties provided. (Code Civ. Proc., § 437c, subd. (m)(2); accord, Gov. Code, § 68081.)

[4] Defendant's request to take judicial notice of the *Ortiz* record on appeal and various legislative history documents is granted.

## DISPOSITION

The judgment is affirmed. The appeal from the order granting summary adjudication is dismissed. Defendant shall recover its costs on appeal.

O'Leary, Acting P. J., and Fybel, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 12, 2008, S159821. Moreno, J., did not participate therein.