**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELIA VIRTUSIO,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>FINANCIAL INDUSTRY<br>REGULATORY AUTHORITY, INC.,<br><br>          Defendant - Appellee. | No. 13-16153<br><br>D.C. No. 3:12-cv-00602-NC<br><br><br>MEMORANDUM* |
| NELIA VIRTUSIO,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>FINANCIAL INDUSTRY<br>REGULATORY AUTHORITY, INC.,<br><br>          Defendant - Appellee. | No. 14-15834<br><br>D.C. No. 3:12-cv-00602-NC |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 13, 2015
San Francisco, California

Before: KOZINSKI and TALLMAN, Circuit Judges, and ROSENTHAL,[**] District Judge.

**1.** Financial Industry Regulatory Authority ("FINRA") did not breach any implied-in-fact contract that existed between it and Nelia Virtusio because a reasonable person would understand FINRA promised to pay only worker's compensation benefits—not additional short-term disability benefits—for work-related injuries. *Cf. Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 336-37, 344 (2000). FINRA's employee handbook indicated outside guidelines would determine an employee's eligibility for short-term disability benefits and that worker's compensation benefits covered work-related injuries. The handbook also directed employees to the human resources department, which told Virtusio that short-term disability benefits were not available for her work-related injuries. No FINRA employee made a contrary representation, and no document said she could have both. A reasonable person would understand that the benefits are mutually exclusive. Because the remainder of Virtusio's claims depend on FINRA's alleged

---

[**] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

obligation to pay her short-term disability benefits, they also fail as a matter of law, and the district court properly granted summary judgment for FINRA.

**2.** The district court also properly awarded FINRA attorney's fees because amended California Labor Code § 218.5 attached "new legal consequences to events completed before its enactment," and thus has an impermissible retroactive effect. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270, 280 (1994); *cf. Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 230-31 (2006).

However, the district court failed to discuss whether it specifically considered Virtusio's inability to pay when calculating the attorney's fees award for FINRA. *Cf. Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc) (finding that a district court abuses its discretion by "denying a losing . . . plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) 'the chilling effect of imposing such high costs on future civil rights litigants'" (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).  The district court awarded $74,187.74 in attorney's fees against a woman whose total annual household income is $78,000—all of which comes from disability benefits programs. Refusing to consider whether a claimant such as Virtusio is able to pay would

discourage suits by employees who are wrongfully refused disability benefits. Therefore, we remand for reconsideration of Virtusio's ability to pay when recalculating the proper amount of attorney's fees to award FINRA.

**AFFIRMED** in part; **REVERSED** and **REMANDED** in part with instructions to reconsider the appropriate amount of attorney's fees. Each side shall bear its own costs on this appeal.