Filed 3/25/16  in re Josue A. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re JOSUE A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>JOSUE A.,<br><br>         Defendant and Appellant. | A145396<br><br>(Marin County<br>Super. Ct. No. JV25481) |

Appellant Josue A., a minor, appeals an order of the juvenile court sealing a portion of his juvenile records under Welfare and Institutions Code section 786.[1]  The trial court sealed only those records "in the custody of the juvenile court" pertaining to the dismissed petition and rejected Josue A.'s request for a broader sealing order.  We reverse.

**BACKGROUND**

The facts pertaining to the underlying juvenile wardship proceedings are immaterial and we refrain from summarizing them.  As relevant here, commencing in November 2011, the Marin County District Attorney's Office filed multiple juvenile wardship petitions and subsequent probation violation petitions that resulted in Josue A. being placed under wardship, and culminated some years later on January 6, 2015, with

---

[1]  All further statutory references are to the Welfare and Institutions Code.

1

orders terminating wardship and dismissing all active petitions following Josue A.'s successful completion of probation and a juvenile drug court program. The juvenile court then signed an order sealing Josue A.'s juvenile records. It then stayed the sealing order, however, in the midst of some confusion as to whether appropriate forms had been used and appropriate procedures had been followed, and questions regarding its appropriate scope.

In the briefing that followed, Josue A. contended that all of his juvenile records should be sealed under section 786, including not just those records in the court's custody, but also all records in the possession of law enforcement officials including the prosecution, probation and law enforcement agencies. The People argued that, under the version of newly enacted section 786 then in effect, only those records in the juvenile court file should be sealed. The court agreed, and entered an order on April 30, 2015, sealing only "[a]ll records in the custody of the juvenile court."

This appeal followed.

## DISCUSSION

As originally enacted, and at the time of the trial court's ruling, section 786 stated in full: "If the minor satisfactorily completes (a) an informal program of supervision pursuant to Section 654.2, (b) probation under Section 725, or (c) a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. *The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court*, except that the prosecuting attorney and the probation department of any county shall have access to these records after they are sealed for the limited purpose of determining whether the minor is eligible for deferred entry of judgment pursuant to Section 790. The court may access a file that has been sealed pursuant to this section for the limited purpose of verifying the prior jurisdictional status of a ward who is petitioning the court to resume its jurisdiction pursuant to subdivision (e) of Section 388. This access shall not be deemed an unsealing of the

2

record and shall not require notice to any other entity." (Former Welf. & Inst. Code, § 786, italics added [added by Stats. 2014, ch. 249, § 2].)

The statute was recently amended, however, and it now provides in relevant part that, "The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, *and in the custody of law enforcement agencies, the probation department, or the Department of Justice*." (§ 786, italics added; see also Stats. 2015, ch. 368, § 1.) Both parties agree that under section 786 as now in effect, *all* of Josue A.'s juvenile records should be sealed. To their credit, the People thus argue the case should be remanded with appropriate instructions to grant Josue A.'s request.[2]

The parties disagree as to whether the more limited sealing order was correct when entered, but it is unnecessary to decide that question. There is no dispute about the appropriate disposition here. Moreover, it is well-settled that the validity of a judgment concerning injunctive relief " 'must be determined on the basis of the current statutory provisions, rather than on the basis of the statutory provisions that were in effect at the time the injunctive order was entered. . . . "Because relief by injunction operates in the future, appeals of injunctions are governed by the law in effect at the time the appellate court gives its decision." ' " (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 233, fn. 5.)

## DISPOSITION

The April 30, 2015 order is reversed and remanded with directions for entry of an order consistent with this opinion.

---

[2] We commend Deputy Attorney General Huy T. Luong for forthrightly acknowledging this.

_____
STEWART, J.

We concur.


_____
RICHMAN, Acting P.J.


_____
MILLER, J.