Filed 5/12/22  P. v. Garth CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br>ARIANA IRISHA GARTH,<br><br>      Defendant and Appellant. | A164094<br><br>(Napa County<br>Super. Ct. No.<br>21CR002337) |

After defendant Ariana Irisha Garth pleaded no contest to evading a peace officer, grand theft, and resisting arrest, the trial court sentenced her to two years in state prison.  Her sole contention on appeal is that she is entitled to resentencing under the recently enacted ameliorative amendments to Penal Code section 1170.  The People agree.

We accept the Attorney General's concession, vacate defendant's sentence, and remand for resentencing in light of amended Penal Code section 1170, subdivision (b).  In all other respects, we affirm.

**BACKGROUND**

In October 2021, then 20-year-old Ariana Garth entered a Sunglasses Hut with two associates.  The three proceeded to fill bags with approximately $30,000 of merchandise and fled the store without paying.  They left in an

1

SUV that defendant was driving, and defendant led police on a high-speed chase.

The district attorney filed a complaint alleging one count of felony evading a police officer (Veh. Code, § 2800.2, subd. (a)), one count of felony grand theft (Pen. Code, § 487, subd. (a))[1] and one count of misdemeanor resisting arrest (§ 148, subd. (a)(1)). Defendant pleaded no contest.

At the November 2021 sentencing hearing, defense counsel asked the court to consider the low term and refer defendant to probation citing two "ameliorative sentencing statutes" that would amend section 1170 and would be applicable to defendant as she was "under the age of 26" and because of the "childhood turmoil and trauma" she has suffered.

The court weighed defendant's youth and "any hardships that she's had since a child" against her prior history on probation, and the "fact that she led law enforcement on a high-speed [chase]," among other factors, and sentenced defendant to two years in prison consisting of the midterm of two years for the evading a peace officer count and the low term of 16 months to be served concurrently for the grand theft count. However, the court noted that in the event "there's an Appellate Court ruling or if there's a bill that does pass, and I'm required to take a second look at this case, I will do so."

## DISCUSSION

Approximately one month later, such events came to pass, as "Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–2021 Reg. Sess.); Stats. 2021, ch. 695, § 5.)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(*Flores*).)  As the court in *Flores* explained, these bills amended section 1170, former subdivision (b) "by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist.  (Stats. 2021, ch. 731, § 1.3, adding Pen. Code, § 1170, subd. (b)(1), (2)),'" and by creating "a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense.  (Stats. 2021, ch. 695, § 4, adding Pen. Code § 1016.7; Stats 2021, ch. 695, § 5.1, adding Pen. Code § 1170, subd. (b)(6)(B).)"  (*Flores,* at p. 1038, fn. omitted.)

The "amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively . . . as an ameliorative change in the law applicable to all nonfinal convictions on appeal."  (*Flores, supra,* 73 Cal.App.5th at p. 1039.)  Relevant here, section 1170, subdivision (b)(6) now provides:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.  [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."  (§ 1170, subd. (b)(6)(A), (B); see § 1016.7, subd. (b) ["A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed"].)

Here, the judgment was not yet final, defendant was under the age of 26 when she committed the crimes in question, and although defense counsel was not certain of the extent of defendant's childhood trauma, he asserted

3

she had a "very complicated relationship with her family; that her mother had used drugs, and that there were family issues."

Accordingly, we agree with the parties and conclude defendant is entitled to a new sentencing hearing under the newly amended version of section 1170, subdivision (b). (*In re Estrada* (1965) 63 Cal.2d 740, 745, disapproved on another ground as stated in *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230; *Flores*, *supra*, 73 Cal.App.5t at p. 1039.)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing under the amendatory version of section 1170, subdivision (b)(6). In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Wiss, J.*


*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A164094, People v. Garth

5