Filed 7/23/20; Certified for Publication 8/19/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FUSHAN LI, | B288104 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.: BS169563) |
| v. | |
| DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Affirmed.

Law Offices of Ray Hsu & Associates, Ray Hsu and Minh Phan for Plaintiff and Appellant.

Patricia Salazar, Division of Labor Standards Enforcement, for Defendant and Respondent.

_____

Labor Code section 1197.1, subdivision (c)(2),[1] authorizes an employer to challenge by petition for writ of mandate in superior court decisions of the Labor Commissioner concerning underpayment of wages. Section 1197.1, subdivision (c)(3), requires, "[a]s a condition to filing a petition for writ of mandate, the petitioner seeking the writ shall first post a bond with the Labor Commissioner equal to the total amount of any minimum wages, contract wages, liquidated damages, and overtime compensation that are due and owing" pursuant to the citation being contested.[2]

Fushan Li's petition for writ of mandate was dismissed by the superior court after his request that the court waive the bond requirement was denied and he failed to post a bond. On appeal Li contends he was not properly subject to the bond requirement, which was adopted after the citations he challenged were issued, and, alternatively, the trial court abused its discretion in denying his request for relief from the requirement once he had demonstrated his indigency. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Citations for Unpaid Wages*

Li, the owner/operator of four massage parlors in Lawndale, received three citations in January 2016 from the Department of Industrial Relations, Division of Labor Standards Enforcement (Department) for violations of California's wage-and-hour laws. At issue in this appeal is citation no. WA-102321,

---

[1]     Statutory references are to this code unless otherwise stated.

[2]     The required bond amount does not include any penalties assessed by the Labor Commissioner. (§ 1197.1, subd. (c).)

which assessed unpaid minimum wages, overtime compensation and liquidated damages on behalf of four of Li's employees, Shu Mei Sun, Jing Zhang, Fengqiu Zhang and Wei Wang, during the period January 28, 2013 to January 27, 2016, and a civil penalty for the violation period January 28, 2015 to January 27, 2016.

Li contested all three citations. Following hearings on September 19, 2016 and January 3, 2017, the hearing officer on April 4, 2017 issued findings and an order affirming all three citations, including a total of $198,576 in unpaid wages and liquidated damages for citation no. WA-102321.

2. *Li's Petition for Writ of Mandate and Motion for Relief from the Bond Requirement*

On May 15, 2017 Li filed a petition for writ of mandate in superior court, challenging the Labor Commissioner's decision affirming the assessments in citation no. WA-102321. Li requested relief from section 1197.1's bond requirement,[3] contending he was not subject to the retroactive application of the requirement and, even if he were, the requirement should be waived due to his indigency. Li supported his motion with a declaration in which he asserted he had lost his business in January 2016 due to the Department's wage-and-hour-violation stop order; he had only been able to find sporadic employment after the loss of his business and borrowed money from his adult children to support himself and his wife, who was also unemployed; he was medically unable to work; he had obtained a fee waiver for the pending litigation based on his indigency; and he could not pay for a bond. Li attached to his declaration bank

---

[3] Pursuant to section 1197.1, subdivision (c)(3), Li was obligated to post a bond of $198,576 to contest citation no. WA-102321.

3

account statements for the Li-Zhu Family Trust and a printout of results of a blood test.

The Department opposed Li's motion for waiver of the bond requirement and submitted evidence that, approximately one week after Li was cited for Labor Code violations at his massage parlors, he and his wife transferred real property valued in excess of $370,000 to their children, as trustees of the Li-Zhu Family Trust. The children then quitclaimed the property back to Li's wife. The Department also provided evidence a massage parlor was still operating at one of the four locations where Li had conducted his business. The owner was one of Li's daughters.

The court denied Li's motion, ruling he was subject to the bond requirement and had failed to demonstrate he was indigent and could not obtain a surety bond. However, the court invited Li to file a renewed motion providing "detailed evidence that petitioner has no income, no job, owns the house, whether the house had been transferred to a trust, who the trust is held by, why [the] property was transferred to a trust a week after the citation was issued, who is paying the mortgage now and why it[']s in the employee[s'] interest that petitioner not post a bond." The court orally advised Li he should also provide evidence establishing whether Li's bank was aware of the property transfer and whether Li could obtain a surety.

3. *Li's Renewed Motion for Relief from Bond Requirement*

In support of his renewed motion for relief from the bond requirement, Li submitted a new declaration in which he provided additional bank statements; described unsuccessful efforts to obtain personal or corporate surety bonds; explained where his monthly income from the massage businesses had been

4

directed; asserted the real property had been placed into a living trust when he and his wife were unable to make payments on the secured loan on the house so that their children could make the payments and receive the home when Li and his wife passed away; stated he had transferred the business lease to his daughter because the masseurs wanted to operate the business but lacked sufficient credit to satisfy the landlord; and insisted "[t]here will be no harm to my former employees if the bond is waived, because four of them testified for me in January 2017 that they did not work overtime and only worked about 4-6 hours a day and 5-6 days a week. All of them disclaim any penalty or unpaid wage assessment assessed by the Labor Commissioner."

Li also submitted declarations from three former employees, Xiao Juan Li, Yukun Tian and Fengqiu Zhang,[4] who stated they wanted to operate one of Li's massage parlors but did not have sufficient credit to assume the lease. They confirmed Li's explanation that his daughter had acquired the lease so they could continue the business. Li's daughter also provided a declaration stating she had agreed to set up a corporation after several of her father's former employees approached her about taking over the lease for the massage parlor.

The Department opposed Li's renewed motion for waiver of the bond requirement.

After a hearing on November 16, 2017 the trial court denied Li's renewed motion. In a written ruling the court observed that Li's account of the transfer of the home to the trust was inconsistent with the date of the transfer and that he had failed to adequately explain why the property was transferred,

---

[4]     Of the three former employees, only Fengqiu Zang's unpaid wages were at issue in citation no. WA-102321.

how the transfer was necessary to avoid foreclosure or how the transfer assisted Li's children in paying the loan on the house. Li also provided no explanation why the children transferred the house back to Li's wife. Moreover, Li had again failed to provide evidence the bank was aware of the transfer or had consented to Li's children making payments on the secured loan. The court concluded the transfer appeared to have been designed to remove his name from the property.

The court also found that Li was not indigent. The house, held by Li's wife, was worth between $359,994 and $397,283. Deducting the loans Li claimed to have taken on the property, there remained between $66,000 and $104,000 in equity in the home. Because Li had a community property interest in the real estate and his wife could be expected to post her share of equity for a bond, Li was not indigent.

The court also found Li had not presented clear evidence of his inability to obtain a corporate surety. The court explained, "Li presents evidence that he asked one corporation to post a bond on his behalf, sought a loan from two banks, and requested a bond from one bond servicing corporation. [Citation.] Li asserts that he could not obtain a bond from Bond Services, LLC. Li claims that a civil surety requires a cash bond, but does not explain why he could not obtain such a bond from Bond Services, LLC. [Citation.] He states only that the fees for a non-cash bond, which is available for a criminal bond, would be unaffordable. [Citation.] Li does not provide any evidence as to what dollar amount of the fees would be, whether such fees also applied to a cash bond, and why Li was unable to afford the monthly fees. Apparently, Li did not seek any other surety insurers to see if other companies had lower fees."

Finally, the court concluded Li had not presented evidence that waiving a bond would be in the interests of his former employees. Only one of the four former employees with whom the citation was concerned, Fengqiu Zhang, had provided a declaration in support of Li's renewed motion. Although Zhang stated he did not want any of the alleged unpaid wages or penalties assessed by the Labor Commissioner, the court explained Zhang could not speak for the other three affected employees. As to them, Li did not provide any evidence that waiving the bond requirement would be in their interest.

4. *The Motion To Dismiss*

After the court denied Li's renewed motion and Li failed to post a bond, the Department moved to dismiss Li's petition for writ of mandate. In opposition Li argued imposing the bond requirement in connection with a petition for writ of mandate challenging a citation issued before the provision's effective date constituted an improper retroactive application of the amended statute. He also argued, because he had been determined to be indigent for fee waivers, due process required he be excused from posting the bond. Finally, Li asserted he should not be required to post a bond in the full amount of the citation (excluding penalties) because the amount assessed was incorrect.

The court granted the Department's motion and dismissed the action on December 12, 2017.

## DISCUSSION

1. *The Applicability of Section 1197.1, Subdivision (c)(3)*

Assembly Bill No. 2899 (2015-2016 Reg. Sess.), signed by the Governor on September 25, 2016, added subdivision (c)(3) to section 1197.1, imposing a bond requirement for employers petitioning the superior court for a writ of mandate overturning

7

the Labor Commissioner's citations imposing assessments for unpaid minimum wages and overtime compensation. As explained by the Legislative Counsel, "This bill would require a person seeking a writ of mandate contesting the Labor Commissioner's ruling to post a bond with the Labor Commissioner, as specified, in an amount equal to the unpaid wages assessed under the citation, excluding penalties. The bill would require that the bond be issued in favor of the unpaid employees, and ensure that the person seeking the writ makes prescribed payments pursuant to the proceedings. The bill would provide that the proceeds of the bond, sufficient to cover the amount owed, would be forfeited to the employee if the employer fails to pay the amounts owed within 10 days from the conclusion of the proceedings, as specified." (See Legis. Counsel's Dig., Assem. Bill No. 2899 (2015-2016 Reg. Sess.), as amended May 4, 2016.)[5]

The new provision was effective January 1, 2017. (Stats. 2016, ch. 622, § 1.) The citations against Li were issued,

---

[5] The language in section 1197.1, subdivision (c)(3), requiring the posting of a bond in the amount of the wages and liquidated damages assessed by the Labor Commissioner as a condition to filing a petition for writ of mandate to overturn a citation, was intended by the Legislature to impose the same bond requirement as exists in section 98.2 for appeals by employers of adverse determinations of employee wage claims. (See Assem. Com. on Labor and Employment, Rep. on Assem. Bill No. 2899 (2015-2016 Reg. Sess.), as amended April 13, 2016.) The parallel language in section 98.2, subdivision (b), has been interpreted as establishing an undertaking requirement that is "mandatory and jurisdictional." (*Palagin v. Paniagua Construction, Inc.* (2013) 222 Cal.App.4th 124, 140.)

and Li had contested those citations before the Labor Commissioner, prior to the effective date of the amendment. However, the Labor Commissioner's findings and order confirming the amount due were issued in April 2017, and Li filed his petition for writ of mandate challenging the Labor Commissioner's decision in May 2017 after the effective date of the amendment.

Because the underlying citation had been issued and the review process with the Labor Commissioner began prior to the January 1, 2017 effective date of section 1197.1, subdivision (c)(3), Li argues, citing *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223 (*Mervyn's*), that conditioning his right to petition for writ of a mandate challenging the citation on the posting of a bond would be an impermissible retroactive application of the law. However, the analysis and holding in *Mervyn's* fully support application of section 1197.1, subdivision (c)'s bond requirement in this case.

To be sure, as Li contends, "When a statute's application to a given case is challenged as impermissibly retroactive, we typically begin our analysis by reiterating the presumption that statutes operate prospectively absent a clear indication the voters or the Legislature intended otherwise." (*Mervyn's, supra,* 39 Cal.4th at p. 230.) But to determine whether application of the law actually is retroactive, courts must consider the impact of the law on the affected parties' rights and liabilities and ask whether the law changes the legal consequences of past conduct. (*Id.* at p. 231.)[6] If the law does not substantially alter existing

---

[6]     As the *Mervyn's* Court emphasized, "'In deciding whether the application of a law is prospective or retroactive, we look to function, not form.'" (*Mervyn's, supra,* 39 Cal.4th at pp. 230-231;

9

rights and obligations, application of a new law at a trial of preenactment conduct is permitted; if it does substantially affect existing rights and obligations, then the new law may not be applied to a trial of preenactment conduct unless the Legislature expressly intended for the law to be retroactive. (*Ibid*.) Significantly, "a statute that establishes rules for the conduct of pending litigation without changing the legal consequences of past conduct ""is not made retroactive merely because it draws upon facts existing prior to its enactment. . . . [Instead,] [t]he effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.' [Citations.] For this reason, we have said that 'it is a misnomer to designate [such statutes] as having retrospective effect.""" (*Ibid*.)

Here, although section 1197.1, subdivision (c)(3), now requires employers to post a bond as a condition to filing a petition for writ of mandate challenging the Labor Commissioner's citations, employers' substantive, preenactment obligations toward their employees under the Labor Code have not changed. Li either owed his former employees $110,604 for unpaid minimum wages and overtime compensation, as well as $87,972 in liquidated damages and $8,100 in civil penalties, or he did not. All that changed is the addition of the procedural requirement that Li post a bond to secure payment of the assessed amounts. Application of that requirement to a proceeding that had not yet been initiated prior to the effective date of section 1197.1, subdivision (c)(3), does not constitute a retroactive application of the statute.

---

see also *id.* at p. 231 ["[w]e consider the effect of a law on a party's rights and liabilities, not whether a procedural or substantive label best applies"].)

## 2. *The Court Did Not Abuse Its Discretion in Denying Li's Request To Waive the Bond Requirement*

Code of Civil Procedure section 995.240 authorizes the trial court, in its discretion, to waive a provision for a bond if the court determines the principal is indigent and is unable to obtain sufficient sureties. In exercising its discretion the court "shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived." (Code Civ. Proc., § 995.240.)[7]

Focusing on the court's discussion of potential harm to beneficiaries if the bond requirement were waived, Li contends the court's evaluation of this factor was "impermissibly rigid and untenable." He also insists, in conclusory fashion, that failing to waive the bond requirement resulted in a gross miscarriage of justice.

In challenging the court's exercise of discretion, however, Li fails to demonstrate its finding he was not indigent was not

_____

[7]     Code of Civil Procedure section 995.240 provides in full, "The court may, in its discretion, waive a provision for a bond in an action or proceeding and make such orders as may be appropriate as if the bond were given, if the court determines that the principal is unable to give the bond because the principal is indigent and is unable to obtain sufficient sureties, whether personal or admitted surety insurers. In exercising its discretion the court shall take into consideration all factors it deems relevant, including but not limited to the character of the action or proceeding, the nature of the beneficiary, whether public or private, and the potential harm to the beneficiary if the provision for the bond is waived."

supported by substantial evidence. (See *Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 154 ["'When applying the deferential abuse of discretion standard, "the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious."' [Citation.] 'It is the appellant's burden on appeal to show the trial court abused its discretion"].)

Despite multiple opportunities to establish indigency and clear instructions from the trial court, Li never proffered the evidence concerning ownership of his home that the court requested so it could assess his financial condition. To the contrary, the details Li did provide concerning the transfer of the property to a trust of which his children were the trustees and then back to his wife were inconsistent with the timeline of events and failed to establish a logical explanation for the transactions. The trial court's finding the transfers appeared designed to remove Li's name from the title was a reasonable inference from the evidence in the record. Similarly, the evidence before the court supported its findings there existed significant equity in the home, Li had a community property interest in the home, and Li's wife could be expected to post her share of the equity for any bond. (See *Cardinal Care Management, LLC v. Afable* (2020) 47 Cal.App.5th 1011, 1020 ["[i]t is no abuse of discretion to deny relief from an undertaking where, as here, a litigant made only a 'weak and incomplete showing of indigency'"].)

Indigency is an essential element of any decision to grant relief from a bond requirement under Code of Civil Procedure section 995.240. Absent proof of Li's indigency, the trial court did

not abuse its discretion in denying his motion to waive the bond required by Labor Code section 1197.1, subdivision (c)(3).

**DISPOSITION**

The judgment is affirmed.  The Department is to recover its costs on appeal.


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

Filed 8/19/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| FUSHAN LI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, <br><br> Defendant and Respondent. | B288104 <br><br> (Los Angeles County Super. Ct. No.: BS169563) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION (NO CHANGE IN APPELLATE JUDGMENT) |

THE COURT:

The opinion in this case filed July 23, 2020 was not certified for publication.  It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the respondent's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____
PERLUSS, P. J.          SEGAL, J.          FEUER, J.