Filed 4/8/15  P. v. Lee CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B257221 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA404953) |
| v. | |
| CLIFTON LEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Clifford Klein, Judge.  Reversed and remanded with directions.

Coleman, Balogh & Scott, Evan C. Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Clifton Lee appeals from the trial court's denial of his postjudgment motion to apply excess custody credits to his $180 restitution fine pursuant to Penal Code section 2900.5. [1] Defendant contends, and the Attorney General concedes, that the version of section 2900.5 in effect at the time of the original sentencing hearing entitles defendant to offset the restitution fine with excess custody credits. We agree and conclude the court imposed an unauthorized sentence. We reverse the postjudgment order and remand the cause to the trial court to apply excess custody credits to satisfy the restitution fine.

## PROCEDURAL HISTORY[2]

Because we are only reviewing the trial court's denial of defendant's postjudgment motion, we will not recount the statement of facts on appeal.

On November 16, 2012, defendant was arrested and taken into custody following a fight during which defendant struck the victim with a glass bottle. After a preliminary hearing on December 4, 2012, the court held the defendant to answer and ordered defendant into custody. Defendant remained in custody throughout the pendency of his case. On October 10, 2013, a jury convicted defendant of misdemeanor assault (§ 240). That same day, the court sentenced defendant to a six-month jail term with credit for six months already served and imposed a $180 restitution fine. On May 5, 2014, defendant filed a motion under section 2900.5 to apply excess custody credits to his restitution fine. On June 16, 2014, the court denied the motion and defendant timely filed a notice of appeal.

---

[1] All further references are to the Penal Code, unless otherwise stated.

[2] We grant the Attorney General's request for judicial notice of the entire record in defendant's prior appeal to this court. (*People v. Lee* (Oct. 10, 2014, B252810) [nonpub. opn.].)

DISCUSSION

The trial court was required to apply defendant's excess custody credits to his $180 restitution fine at the October 10, 2013 sentencing hearing under the then-existing version of section 2900.5. The court imposed an unauthorized sentence for two reasons: (1) the amendment to section 2900.5 subdivision (a) striking "restitution fines" from the statute effective January 1, 2014, does not apply retroactively, and; (2) the court failed to calculate and allocate defendant's custody credits at his sentencing hearing pursuant to section 2900.5 subdivision (d).

Pursuant to section 2900.5, subdivision (a), when a defendant's custody time exceeds the sentence, the excess custody time may be applied to fines. When defendant was sentenced in 2013, subdivision (a) of section 2900.5 stated in pertinent part: "In all felony and misdemeanor convictions . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day . . . . [W]here the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines." (Former § 2900.5, subd. (a).)

In its ruling on defendant's postjudgment motion, the trial court noted that section 2900.5, subdivision (a), was amended effective January 1, 2014, to strike "restitution fines," which can be satisfied by jail credits. (Stats. 2013, ch. 59, § 7.) The court pointed to section 1205, subdivision (f), which defendant did not cite, that "states in relation to fines satisfied by jail credits, 'This section shall not apply to restitution fines and restitution orders.'" Therefore, the amendment to section 2900.5 "clarified that both statutes should be read as consistent as not pertaining to restitution fines. Based on these statutes, the petition is denied."

"Whether a statute operates prospectively or retroactively is, at least in the first

3

instance, a matter of legislative intent.  When the Legislature has not made its intent on the matter clear with respect to a particular statute, the Legislature's generally applicable declaration in section 3 provides the default rule:  'No part of [the Penal Code] is retroactive, unless expressly so declared.'  We have described section 3, and its identical counterparts in other codes (e.g., Civ. Code, § 3; Code Civ. Proc., § 3), as codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.'  (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1208-1209 (*Evangelatos*); see also *id.,* at p. 1208 [requiring "'express language or [a] clear and unavoidable implication [to] negative[ ] the presumption"'].)  In applying this principle, we have been cautious not to infer retroactive intent from vague phrases and broad, general language in statutes. (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 229-230; see *Evangelatos,* [*supra,*] at p. 1209, fn. 13.)  Consequently, "'a statute that is ambiguous with respect to retroactive application is construed . . . to be unambiguously prospective.'"  (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 841, quoting *I.N.S. v. St. Cyr* (2001) 533 U.S. 289, 320-321, fn. 45.)"  (*People v. Brown* (2012) 54 Cal.4th 314, 319-320.)

We need not address whether the trial court correctly interpreted the amendment to section 2900.5 effective January 1, 2014.  This amendment did not apply at the time of defendant's offense and sentencing and the 2014 amendment makes no reference to retroactive application as required by section 3.  "Furthermore, nothing in the legislative history of section 2900.5 . . . suggests the Legislature intended the statute to have such an effect."  (*People v. Brown, supra,* 54 Cal.4th at p. 322.)  Therefore, any substantive change in section 2900.5 applies prospectively and it was error for the court not to apply defendant's excess custody credits to the $180 restitution fine at the 2103 sentencing hearing.  The failure to accurately award custody credits results in an unauthorized sentence, subject to correction at any time.  (*People v. Brite* (1983) 139 Cal.App.3d 950, 955 [trial court's failure to comply with section 2900.5, subdivision (d), in the first

4

instance made its initial finding and resulting sentence a nullity]; see *People v. Jack* (1989) 213 Cal.App.3d 913, 916-917 [unauthorized award of presentence credits may be corrected at any time].)

Moreover, "[i]t is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to . . . section [2900.5]." (§ 2900.5, subd. (d).) The court's failure to comply with section 2900.5 subdivision (d) renders the sentence a nullity so that the court may correct the judgment at any time.

The trial court imposed a six-month sentence, and awarded six months of credit for time served. Defendant, however, had served more than six months in custody before sentencing. As the Attorney General concedes, it appears from the record that defendant remained in custody 329 days from his November 16, 2012 arrest until he was sentenced and released on October 10, 2013. Defendant is entitled to apply his excess custody credits to his restitution fine at a minimum of $30 per day pursuant to the pre-2014 version of section 2900.5, subdivision (a). Only six days of excess custody credit is required to satisfy the $180 restitution fine imposed by the trial court.

**DISPOSITION**

The order denying defendant's motion to apply his excess presentence custody credits to the $180 restitution fine is reversed. The cause is remanded to the trial court with directions to apply the pre-2014 version of section 2900.5 to satisfy the restitution fine.

KRIEGLER, J.

We concur:

TURNER, P.J.

MOSK, J.