Filed 2/28/24  P. v. Martinez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>GABRIEL JOSEPH MARTINEZ,<br><br>    Defendant and Appellant. | A164499<br><br>(Alameda County<br>Super. Ct. No. 467975A) |

Defendant Gabriel Joseph Martinez was convicted of shooting at an inhabited dwelling and two counts of second-degree robbery, offenses he committed when he was 17 years old.  The criminal court sentenced him to 21 years in prison.  On appeal, Martinez argues he is entitled to a new juvenile court transfer hearing under Assembly Bill No. 2361 (2021–2022 Reg. Sess.).  He further contends the trial court failed to consider recent statutory amendments affecting his sentence and violated the prohibition against the dual use of sentencing factors, and that his counsel provided ineffective assistance in not calling these matters to the trial court's attention.  Finally, he argues that he was entitled to presentence conduct credit under Penal Code section 4019, and that the imposition of a probation investigation fee must be stricken under Assembly Bill No. 1859 (2019–2020 Reg. Sess.).[1]

---

[1] Undesignated statutory references are to the Penal Code.

We conditionally reverse and remand the matter so that the juvenile court may conduct a transfer hearing. We also agree with Martinez that if the case is transferred back to criminal court, he is entitled to a new sentencing hearing, a computation of presentence conduct credits, and the vacation of the probation investigation fee.

## I. DISCUSSION

The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) Consequently, we resolve the cause before us, consistent with constitutional requirements, in an abbreviated opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262 [" 'An opinion is not a controversial tract, much less a brief in reply to the counsel against whose views we decide. It is merely a statement of conclusions, and of the principal reasons which have led us to them.' [Citation.]"].)

### A. *Assembly Bill No. 2361*

Martinez first contends, and the People concede, that the passage of Assembly Bill No. 2361 entitles him to a conditional reversal so that the juvenile court may conduct a second transfer hearing under the newly heightened standard. We agree.

At the time of Martinez's transfer hearing in February 2018, the law required the People to prove by a preponderance of the evidence that the minor should be transferred to a court of criminal jurisdiction. Former Welfare and Institutions Code section 707, subdivision (a)(3) required the juvenile court to consider five criteria in making that decision: (1) the minor's criminal sophistication; (2) whether the minor could be rehabilitated before juvenile court jurisdiction expired; (3) the minor's previous delinquent history; (4) the success of previous attempts at rehabilitation; and (5) the

2

circumstances and gravity of the alleged offenses.  (Former Welf. & Inst. Code, § 707, subd. (a)(3)(A)–(E).)  The law also required the court to recite the basis for its transfer decision in its order.  (*Id.*, subd. (a)(3).)

Effective January 1, 2023, Assembly Bill No. 2361 amended Welfare and Institutions Code section 707, subdivision (a)(3) in three ways: (1) it raised the People's burden of proof to clear and convincing evidence; (2) it made the minor's amenability to rehabilitation "the ultimate question for the court to decide," rather than one of the five factors to consider; and (3) it required the court to recite not only the basis for its decision, but to explain the reasons supporting its finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court.  (*In re E.P.* (2023) 89 Cal.App.5th 409, 416; Stats. 2022, ch. 330, § 1.)

We agree with the parties that the amendments apply retroactively to Martinez, as his case is not yet final.  (*In re E.P.*, *supra*, 89 Cal.App.5th at p. 416 [minor entitled to benefit of amended statute because case not final]; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 304 (*Lara*) [concluding Proposition 57 applies retroactively because it "reduces the possible punishment for a class of persons, namely juveniles."].)

We also agree with the parties that, applying the amendments retroactively, Martinez is entitled to a new transfer hearing at which the juvenile court is aware—as it could not have been at the first hearing—that it may order him transferred to adult criminal court only if it finds, based on clear and convincing evidence, that he is not amenable to rehabilitation under juvenile court jurisdiction.  (Welf. & Inst. Code, § 707, subd. (b)(3).)  As the court observed in *In re F.M.* (2023) 14 Cal.5th 701*,* where the trial court misunderstood its discretion in the first instance, reviewing courts have consistently remanded for reconsideration "[i]nstead of hypothesizing what

decision the juvenile court would have made if it had understood the extent of its lawful authority." (*F.M.*, at p. 716; see also *In re E.P., supra*, 89 Cal.App.5th at pp. 416–417.)

We therefore conditionally reverse Martinez's convictions and sentence and remand the matter for the juvenile court to conduct a juvenile transfer hearing pursuant to Welfare and Institutions Code section 707 as amended by Assembly Bill No. 2361. After conducting the juvenile transfer hearing, if the court determines it would have transferred Martinez to a court of criminal jurisdiction, then his convictions are to be reinstated, and as discussed below, the trial court shall conduct a resentencing hearing. If, on the other hand, the juvenile court finds it would not have transferred Martinez to a court of criminal jurisdiction, then it shall treat his convictions as a juvenile adjudication and impose an appropriate disposition within its discretion. (*Lara, supra*, 4 Cal.5th at p. 310.)

### B. Sentencing Errors

The trial court sentenced Martinez to 21 years in prison, consisting in part of the upper term of five years on count five, second-degree robbery, which was the principal term. (§ 211.) In the event the juvenile court transfers the matter to the trial court, Martinez argues he is entitled to a new sentencing hearing because the trial court erred in imposing the aggravated term on count five, considering the sentencing provisions in section 1170, subdivision (b) that became effective on January 1, 2022. We agree that Martinez is entitled to a full resentencing hearing should the matter be transferred back to the trial court.[2]

---

[2] In light of this conclusion, we need not and do not reach Martinez's arguments that the trial court improperly relied on the gun enhancement findings in imposing the aggravated term and failed to consider factors it was required to consider under section 1385. He may advance these arguments

## 1. Additional Background

Prior to 2022, section 1170 gave the trial court discretion to select a term if a statute provided three possible terms. (Former § 1170, subd. (b); *People v. Lopez* (2022) 78 Cal.App.5th 459, 464, disagreed with on other grounds by *People v. Dunn* (2022) 81 Cal.App.5th 394, 409–410.) Section 213 is such a statute, providing three possible terms of two, three, or five years for second-degree robbery. (§ 213, subd. (a)(2).)

Effective January 1, 2022, approximately three weeks before Martinez's sentencing, Senate Bill No. 567 (2021–2022 Reg. Sess.; Stats. 2021, ch. 731, §§ 1.3, 3(c)) amended section 1170 in two significant ways. First, the middle term has become the presumptive term (§ 1170, subd. (b)(1)), and the trial court is authorized to impose the upper term only if there is one or more aggravating circumstances based on facts either "stipulated to by the defendant, or . . . found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial" (*id.*, subd. (b)(2)) or on certified records of conviction (*id.*, subd. (b)(3)). Second, trial courts must impose the lower term if certain circumstances—including the defendant's childhood trauma or youth—were contributing factors to the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (*Id.*, subd. (b)(6)(A) & (B).)

In this case, the trial court said it was imposing the aggravated robbery term "specifically due to the level of violence asserted by [Martinez] and the troubling recidivism apparent in this record." The court relied on the following factors in the California Rules of Court (all "rule" references are to

on remand. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 45–46.) We also need not address Martinez's ineffective assistance of counsel claims.

5

the Rules of Court): the crime involves "great violence" (rule 4.421(a)(1); the robbery victims were "particularly vulnerable" (*id.*, 4.421(a)(3)); Martinez "occupied a position of leadership or dominance of other participants" in the robbery (*id.*, 4.421(a)(4)); his prior convictions are "numerous or of increasing seriousness" (*id.*, 4.421(b)(2)); and his prior performance on probation was unsatisfactory (*id.*, 4.421(b)(5)). The court found no factors in mitigation. The aggravating factors relied on by the court were not found true by a jury, stipulated to by Martinez, or based on certified records of conviction, as required by the amendments to section 1170 for imposition of the upper term. (§ 1170, subd. (b).)

Additionally, Martinez was 17 years old when he committed the robbery, qualifying as a youth under the amendments to section 1170. (§§ 1170, subd. (b)(6), 1016.7, subd. (b) [youth means under age of 26 at time of offense].) And, he argues, the probation report shows that he has suffered childhood trauma and abuse that contributed to his commission of the offenses.

The People agree that these ameliorative amendments apply retroactively to cases not yet final when they went into effect. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Achane* (2023) 92 Cal.App.5th 1037, 1041–1042; see *In re Estrada* (1965) 63 Cal.2d 740, 742–748, disapproved on another ground as stated in *Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230 [when legislation reduces punishment for offense, we presume it applies to cases not yet final].)

Based on these principles, Martinez argues that he was entitled to the lower-term presumption, and that the trial court erred by imposing the upper term for count five based on aggravating factors that do not meet the requirements of section 1170, subdivision (b). He asks us, therefore, to

6

remand the matter so the trial court may resentence him in light of section 1170's new standards. The People urge us not to consider these arguments because Martinez forfeited them by not raising them below.

## 2. Forfeiture

"[T]he forfeiture rule for alleged sentencing errors" is that, "unless a party makes a contemporaneous objection, he or she generally cannot challenge a court's ruling for the first time on appeal." (*People v. McCullough* (2013) 56 Cal.4th 589, 594.) "However, neither forfeiture nor application of the forfeiture rule is automatic." (*Id.* at p. 593.) "An appellate court may exercise its discretion to review a claim affecting the substantial rights of the defendant despite forfeiture for failure to raise the issue below." (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1020.) Furthermore, a reviewing court is "more inclined to find an exception to the general rule of forfeiture when there has been a change in decisional law that affects the rights of the parties." (*GreenLake Capital, LLC v. Bingo Investments, LLC* (2010) 185 Cal.App.4th 731, 739, fn. 6.)

Given the relevant statute became effective only three weeks prior to the sentencing hearing in this case and there has been a change in the law affecting appellant's substantial rights, we shall exercise our discretion to address Martinez's argument on the merits.

## 3. Merits

Turning to the merits of Martinez's claims, the People agree that if he has preserved his argument regarding the court's reliance on improper factors in imposing the upper term on count five, then resentencing is appropriate if the juvenile court transfers the matter back to the trial court following our conditional remand. We accept the People's concession. None of the aggravating factors relied on by the trial court were found true by a

7

jury, stipulated to by Martinez, or based on certified records of conviction, as required under section 1170 for imposition of the upper term (§ 1170, subd. (b)), and many of those factors require "a subjective assessment of the circumstances rather than a straightforward finding of facts," requiring us to speculate that a jury would have reached the same conclusion as the court. (*People v. Sandoval* (2007) 41 Cal.4th 825, 840, superseded by statute on another ground as stated in *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1132.)

Moreover, resentencing is warranted based on the potential applicability of subdivision (b)(6) of section 1170. As mentioned, under the amendments to section 1170, where a defendant's youth or trauma contributed to the commission of the offense, that subdivision mandates imposition of the lower term unless the aggravating circumstances outweigh the mitigating circumstances. The People note the trial court considered the probation report and other evidence of Martinez's trauma and found no mitigating factors. But given that the trial court and the parties appear to have been unaware of the court's new discretion under section 1170, neither Martinez nor the court had a meaningful incentive to assess whether his youth or childhood trauma was a "contributing factor" in the offense, and whether the aggravating factors outweigh those mitigating factors.[3] (§ 1170, subd. (b)(6).)

In these circumstances, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would

---

[3] Corresponding to the changes to section 1170, the list of mitigating circumstances in Rules of Court, rule 4.423 was amended in March 2022, after Martinez's sentencing, to include childhood trauma that was a factor in the commission of the crime (rule 4.423(b)(3)) and the defendant being under 26 years old at the time of the commission of the crime (*id.*, 4.423(b)(6)).

have reached the same conclusion" had it been aware of its limited discretion under section 1170. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) It is not clear from the record whether the court would necessarily impose the same sentence if it relied only on those aggravating factors that are now permitted under section 1170, subdivision (b). Nor is it clear the court would find that the aggravating factors outweigh the mitigating factors, such that imposing the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

Therefore, if the juvenile court transfers the matter back to the trial court following our conditional remand, Martinez is entitled to a full resentencing hearing. We express no opinion on how the trial court on resentencing Martinez should assess the factors and considerations under section 1170, subdivision (b).

## C. *Presentence Conduct Credits*

Martinez contends the trial court erred in failing to award him presentence conduct credits pursuant to section 4019. The People appear to acknowledge that the record does not indicate whether the court determined Martinez's entitlement to presentence conduct credits, and suggest the court address the issue on remand. We agree that if the juvenile court transfers the matter to the trial court following our conditional remand, the court should ascertain the amount of presentence conduct credits to which Martinez is entitled.

Under section 4019, a criminal defendant in custody or county jail after arrest and prior to sentencing for a felony conviction must receive conduct credits against his sentence for work performed and good conduct in addition to credit for actual days in custody, "unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned" or has not

9

"satisfactorily complied with the reasonable rules and regulations established by the [local custodial authority]." (§ 4019, subds. (a)(4), (b) & (c); *People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) When, as here, the defendant is convicted of a violent felony listed in section 667.5, subdivision (c), the number of conduct credits cannot exceed 15 percent of defendant's actual period of confinement. (§ 2933.1, subd. (a); see § 667.5, subd. (c)(9) ["violent felony" includes "[a]ny robbery"].)

In this case, the trial court awarded Martinez 2,075 days of actual presentence custody credit, and no conduct credits. At the sentencing hearing, the court asked the bailiff for Martinez's "custody credits," and the bailiff responded, "2,075." The court then awarded 2,075 days of actual presentence custody credit but said nothing about presentence conduct credit. The minute order itself includes no further explanation. While the probation report noted some behavioral issues Martinez had while in custody, the report is silent regarding his conduct credits, and there was no discussion of his conduct credits before or at the hearing. Indeed, the record shows the court never ruled that Martinez was not eligible for conduct credits.

A trial court has the obligation to calculate the number of credit days to which a defendant is entitled and to include the same in the abstract of judgment. (§ 4019.) The court must award conduct credits at the time of sentencing, "not as an exercise of discretion, but based on the sheriff's report of 'the number of days that [the] defendant has been in custody and for which he or she may be entitled to credit.' " (*People v. Lara* (2012) 54 Cal.4th 896, 903.) "[B]efore a sentencing court may withhold conduct credits, the defendant is entitled to prior notice and an opportunity to (1) rebut the findings of his jail violations, and (2) present any mitigating factors." (*People v. Duesler* (1988) 203 Cal.App.3d 273, 277.)

It is apparent from the record that the court did not fulfill its obligation to determine the appropriate amount of presentence conduct credits, if any, to which Martinez was entitled. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 9. ["it is the duty of the trial court to award the correct amount of credits"].) Therefore, if the juvenile court transfers the matter to the trial court, the court is instructed to calculate on the record Martinez's entitlement, if any, to presentence conduct credits under sections 2933.1 and 4019. (See *People v. Kennedy* (2012) 209 Cal.App.4th 385, 394 [determination of whether a defendant is entitled to additional credit for labor and good behavior under section 4019 often involves factual determinations more properly resolved in trial court].)

## D. Probation Investigation Fee

The abstract of judgment imposed a $250 "Probation Investigation Fee." The parties agree, as do we, that the abstract of judgment must be updated to vacate any unpaid portion of that fee, per Assembly Bill No. 1869 (2019–2020 Reg. Sess.).

Assembly Bill No. 1869, which became operative approximately six months prior to Martinez's sentencing, eliminates the authority to collect certain court-imposed costs and fees. (Stats. 2020, ch. 92, §§ 11, 62; § 1465.9, subd. (a).) As applicable here, Assembly Bill No. 1869 amended the Penal Code by adding section 1465.9, which currently states: "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, *1203.1b*, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62, italics added; § 1465.9, subd. (a).)

11

Although the judgment does not specify the statutory basis for the probation investigation fee, the record indicates that the trial court imposed the fee pursuant to former section 1203.1b. Immediately prior to Assembly Bill No. 1869's repeal of that statute, it provided: "(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, . . . the probation officer, or [the officer's] authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost . . . of *conducting any preplea investigation* and preparing any preplea report pursuant to Section 1203.7, of *conducting any presentence investigation* and preparing any presentence report made pursuant to Section 1203 . . . . *The reasonable cost of these services* . . . shall not exceed the amount determined to be the actual average cost thereof." (Former § 1203.1b, subd. (a), italics added.) Section 1203.7, in turn, requires a probation officer to "inquire" into a defendant's "antecedents, character, history, family environment and offense" and prepare a report containing that information and his or her "recommendation for or against . . . probation." (§ 1203.7, subd. (a).) Similarly, section 1203 refers to a probation officer's "investigation" of facts relevant to a defendant's sentencing. (§ 1203, subd. (b).) The trial court in this case specifically referred to the fee as a "probation investigation fee" in its oral pronouncement at the sentencing hearing, and the minute order for the hearing cites former section 1203.1b as the basis for the fee. We therefore conclude that the statutory basis for the $250 probation investigation fee the court imposed as reflected in the abstract of judgment was former section 1203.1b.

12

Accordingly, in light of Assembly Bill No. 1869 and section 1465.9, we conclude that the unpaid balance of the probation investigation fee must be vacated. (§ 1465.9, subd. (a) ["portion of judgment imposing those costs shall be vacated"].)

## II. DISPOSITION

The judgment is conditionally reversed and the matter remanded to the juvenile court with directions to conduct a transfer hearing pursuant to Welfare and Institutions Code section 707 no later than 90 days from the filing of the remittitur.

If, at the transfer hearing, the juvenile court determines that it would not have transferred the matter to a court of criminal jurisdiction, then Martinez's convictions will be juvenile adjudications as of that date. The juvenile court is then to conduct a dispositional hearing within its usual time frame.

If, at the transfer hearing, the juvenile court determines it would have transferred Martinez to a court of criminal jurisdiction, the judgment shall be reinstated as of that date. The court is then directed to conduct a resentencing hearing and to calculate the presentence conduct credits Martinez is entitled to, if any. Following the hearings on remand, the clerk of the superior court is instructed to prepare an amended abstract of judgment reflecting the trial court's sentencing decisions and its computation of presentence conduct credits. The clerk is further instructed to remove the probation investigation fee. The clerk shall serve certified copies on the Department of Corrections and Rehabilitation.

13

                                LANGHORNE WILSON, J.




WE CONCUR:




BANKE, ACTING P. J.




CASTRO, J.[*]




A164499N

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.